SARAH PALMER AND W. E. PALMER, *her Guardian*, v. THE HUDSON RIVER STATE HOSPITAL.

**No. 775.**  (61 Pac. 506.)

1. IMPLIED PROMISE—*Maintenance of Insane Person.* To charge the estate of an insane person with the expense of maintenance and for necessaries furnished, it is not requisite that there be an express promise to pay therefor, either by the insane person or guardian.

2. DEPOSITIONS—*Disqualification of Notary.* A notary public is not disqualified to take depositions under the provisions of section 350 of the code (Gen. Stat. 1897, ch. 95, § 361; Gen. Stat. 1899, § 4613) by reason of the fact alone that he is the bookkeeper of the plaintiff.

3. EVIDENCE—*Laws of Another State.* It is competent to prove the laws of another state by the testimony of a person learned therein.

Error from Johnson district court; JOHN T. BURRIS, judge. Opinion filed July 18, 1900. Affirmed.

*John T. Little*, for plaintiffs in error.

*I. O. Pickering*, for defendant in error.

The opinion of the court was delivered by

MAHAN, P. J.: There is no merit in the motion to dismiss. The case was made and served within the time fixed by the court. It was settled and signed by the proper officer within a year from the date of judgment.

There is no introductory matter in the case-made;
*e. g.*, this is a case-made, or this is the petition that
was filed in the court below in which the trial was
had, or this is the answer, etc.   However, it discloses
the cause and the issues joined in the controversy and
the court's rulings, giving day and date, and there is
an acknowledgment of service as a case-made, and a
long list of suggestions of amendments, running
through the entire record, which were allowed.

We do not believe in being too precise and tech-
nical in construing these records, so as to avoid hear-
ing parties on the merits of their controversies, when
the controverted questions of law are fairly presented
thereby.

There are no strictly formal assignments of error,
as required by the rules of the court, but the brief
presents clearly the grounds of contention.

In the first place, it is contended that there must
have been an express contract between the hospital
and the insane person or her guardian to make her
estate liable for her necessary maintenance and care.
We do not so understand the law.   On the contrary,
the estate of an insane person is liable for necessaries
furnished him, upon an implied contract.   Hence, the
second count of the answer, which denied the making
of any express contract for necessaries, either by the
insane person or her guardian, stated no defense to
the cause of action set out in the petition, and the de-
murrer thereto was properly sustained.   (See *People
v. Ettenson*, 60 Kan. 854, 56 Pac. 749.)   No statute
was necessary to create a liability on her part for such
benefits received by her.

There is sufficient evidence of the plaintiff's capac-
ity to maintain the suit as a corporation.

The notary who took the deposition read on the

trial was not disqualified by the provisions of section 350 of the code (Gen. Stat. 1897, ch. 95, § 361; Gen. Stat. 1899, § 4613). No objection was made at the time the deposition was taken that he was disqualified by being partial to plaintiff or prejudiced against the defendant. The mere fact that he was book-keeper for the hospital did not disqualify him as a person having an interest in the event of the suit.

The admission of Doctor Bamford's evidence regarding the record of the hospital was not so prejudicial to the defense as to be reversible error, and the evidence in that regard was elicited by the defense upon cross-examination and not concerning any matter testified to upon his examination in chief.

It is admissible to prove the law of another state by persons learned therein.

There is but one other contention presented by the briefs of plaintiff in error. The insane person, Mrs. Sarah Palmer, was a citizen of Kansas, on a visit to relatives in New York. Her husband and children were domiciled in Kansas; were able, and it was their duty, to support her. She had been, theretofore, adjudged insane by the probate court of Johnson county, Kansas. She was admitted to the New York hospital, plaintiff, as an indigent insane person, and maintained and cared for by the hospital, and the expense thereof paid from an appropriation made by the legislature of New York to provide an asylum for the indigent insane.

No charge was made for this service and expense, either to the husband in his lifetime or to the wife. She entered the asylum the last time in 1893, and was taken therefrom by her son in 1896. For the last period of service recovery is sought. It is contended that, inasmuch as she was admitted as an in-

digent insane person, under the provisions of the New York statute, and her care and maintenance paid for by the state and no direct charge made therefor, the state is now entitled to indemnity from her property in Kansas.

It is plain that the state of New York did not intend to provide for Kansas insane as a charity. When its agents discovered that they had been providing an asylum to a person not entitled thereto as a lawful right, and that the recipient was able to refund to the state its expenses therein, the law of New York made it their duty, in the name of the hospital, to sue to recover it.

The judgment is affirmed.